IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY INS. COMPANY, | ) )<br>) C.A. No. 2:07-MC-331 |
| Plaintiff, | ) ) |
| vs. | |
| LRS CONSTRUCTION, INC., et al. | |
| Defendant. | |

AMBROSE, C.J.

**OPINION AND ORDER OF COURT**

**SYNOPSIS**

This civil action arises from an agreement under which Plaintiff would issue construction and payment bonds to Defendant LRS Construction, Inc. ("LRS"), a construction company, and Defendants' subsequent agreement to indemnify Plaintiff for money advanced in connection with arbitration proceedings in a dispute related to one such bond. Defendants, whom I shall refer to collectively unless otherwise indicated, are LRS, its President and sole shareholder, and his wife. Plaintiff filed a Complaint in Confession of Judgment against Defendants based on a provision in the parties' indemnification agreement.

Presently Before the Court is Defendants' Motion to Strike and/or Open the confessed judgment.[1] Plaintiff counters that the Motion is untimely, and

---

[1]The document is titled "Petition," but docketed as a Motion.

otherwise should be denied.

For the following reasons, the Motion to Strike will be denied, and I will reserve judgment on the Motion to Open pending an opportunity for additional submissions by the parties.

**OPINION**

**I. BACKGROUND**

The following background is gleaned from the parties' submissions. LRS and Plaintiff were party to an Agreement of Indemnity, dated July 30, 2001 (the "Indemnity Agreement"), by which Defendant LRS, in connection with a construction project, obtained a bond from Plaintiff. A dispute arose between Defendants and a subcontractor, and LRS obtained counsel in connection with that dispute. The subcontractor initiated arbitration proceedings against LRS for damages under the bond, and LRS counterclaimed. Counsel for LRS became unwilling to continue its representation without assurance of payment. As a result, counsel drafted a letter, containing Plaintiff's agreement to underwrite certain legal fees, and Defendants' agreement that Plaintiff may confess judgment against them in connection with those fees. LRS then prepared the letter on its letterhead.

The letter thus prepared was dated May 13, 2005 (the "2005 Agreement"). The 2005 Agreement contained the following provisions:

> [Defendants] hereby request that [Plaintiff] advance the money necessary to [pay the expenses incident to the claim and counterclaim involving the contractor] by entering into an agreement with an attorney or law firm of

its choosing for the defense and presentation of the arbitration claims.[2]

We agree that, in the event [Plaintiff] accedes to our request, that,

1. We, and each of us, are liable to indemnify [Plaintiff] for all sums advances [sic] for the preparation and presentation of all of the arbitration on matters with [the subcontractor] pursuant to the Agreement of Indemnity...
* * *
3. [Plaintiff] shall have full authority to compromise or settle any or all of the claims in the arbitration as it shall deem appropriate.

We, [Defendants], and each of us, hereby empower the Prothonotary or attorney of any court of record, to appear for us, or any one or more of us, and to confess judgment as often as necessary against us in favor of [Plaintiff] for such amounts as may be due to it pursuant to this letter and pursuant to the Agreement of Indemnity dated July 30, 2001, including, but not limited to, the cost of legal proceedings and an attorney's commission....

The 2005 Agreement purports to bear the signatures, over signature lines, of both individual Defendants, as well as one individual Defendant separately as President of LRS, along with witnesses. It provides that Plaintiff's advancement of funds will constitute acceptance. Additionally, the 2005 Agreement, while permitting Plaintiffs to confess judgment in "any state or federal court having jurisdiction in Allegheny County, Pennsylvania," does not address the applicability of any particular laws or rules. Further, the 2005 Agreement provides that it is made in respect to a commercial transaction, and not for a personal, family, or household purpose.

---

[2]Defendant suggests that the 2005 Agreement was not supported by consideration because Plaintiff had a pre-existing obligation to defend against the subcontractor's claim. There is no argument, however, that Plaintiff was previously obligated to pay expenses incident to the counterclaim. Even if I were to accept Defendants' position with respect to the pre-existing obligation, therefore, the 2005 Agreement imposed on Plaintiff an additional obligation in exchange for the ability to confess judgment. It would appear that this additional obligation constitutes consideration.

Ultimately, on October 6, 2007, the arbitration proceeding between LRS and the subcontractor was terminated, because of the subcontractor's failure to pay arbitration fees, and because neither Plaintiff nor Defendants advanced those fees.

Plaintiff then filed a Complaint in Confession of Judgment in this Court on December 27, 2007, against LRS and the individual Defendants. The Clerk of Courts entered judgment the following day. On January 23, 2008, the judgment was docketed in state court. The state court docket reflects that "notice" was sent to Defendants on that same day.³ Then, on June 13, 2008, a writ of execution issued from this Court, which was returned unexecuted as to the credit union named therein. Counsel for Defendants entered an appearance in this Court on July 16, 2008. On July 17, 2008, Defendants filed an Affidavit of Service of Notice pursuant to Pa. R. Civ. P. 2958.3. Eventually, the writ of execution was reissued on July 18, 2008. Defendants then filed this Motion on July 21, 2008.

## II. APPLICABLE STANDARDS

This action presents a confessed judgment, which the federal rules do not address, brought in federal court pursuant to agreement of the parties. Of this situation, it has been observed:

> Judgment by confession is a peculiar creature of state law; it has no counterpart in the federal system. …. In Pennsylvania, the procedures for obtaining confession judgments are governed by the Rules of Civil Procedure. Once a confessed judgment has been entered, a party seeking

---

³I assume, without relying on this assumption, that the Notice was sent pursuant to Pa. R. Civ. P. 236(a)(1), which requires the Prothonotary to provide a defendant with written notice of a confessed judgment.

relief must do so by filing a petition to strike or open. In general, motions to modify or vacate judgments in the federal courts are governed by the federal rules. This is so, as a matter of procedure, even where the judgment at issue was obtained by confession.

1600 Penn Corp. v. Computer Sciences Corp., No. 6-cv-05329-LDD, 2007 U.S. Dist. LEXIS 23452, at *4 (E.D. Pa. Feb. 6, 2007).

Accordingly, Federal Rule of Civil Procedure 60(b) governs a motion to open or strike a judgment entered by confession in a federal court. Resolution Trust Corp. v. Forest Grove, 33 F.3d 284, 288 (3d Cir. Pa. 1994). State law, however, applies with regard to the substantive aspects of motions to strike or open confessed judgments. 1600 Penn Corp., 2007 U.S. Dist. LEXIS 23452, at **5-6.

Defendants do not identify any federal rule on which their Motion is intended to rest. Based on the substance of their challenge, it appears that they bring the Motion within the ambit of the "catchall" provision of Rule 60(b)(6). Under Rule 60(b)(6), Defendants are entitled to relief only upon a showing of "exceptional" or "extraordinary" circumstances. Panton v. Matlack, No. 1:06-CV-0809, 2007 U.S. Dist. LEXIS 92003, at *5 (M.D. Pa. Dec. 14, 2007); Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3rd Cir. 1986). "A party seeking such relief must bear a heavy burden of showing circumstances so changed...that, absent such relief an 'extreme' and 'unexpected' hardship will result." Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980) (citations omitted).

### III. DEFENDANTS' MOTION

#### A. Timeliness of Motion

First, I address Plaintiff's argument that the Motion must be denied as untimely.

Rule 60(b)(6) requires that motions such as Defendants' be made "within a reasonable time ... after the judgment ... was entered." Fed. R. Civ. P. 60(b). What is "reasonable" within the meaning of the rule depends on the circumstances of each case. Lasky, 804 F.2d at 255. Thus, a "reasonable time" may be more or less than the one- year period established for filing motions under the other clauses of Rule 60. Cotto v. United States, 993 F2d 274, 280 (1st Cir. 1993).

Although Pennsylvania procedure does not govern in this instance, its principles inform my analysis of reasonable timing. Under certain circumstances, the "timeliness clock" runs from the time that a notice of execution, rather than a notice of judgment, is served. See Thomas Assoc. Investigative and Consult. Servs., Inc. v. GPI Lts., Inc., 711 A.2d 506, 509 - 510 (Pa. Super. Ct. 1998). Notice issued by the Prothonotary that judgment has been confessed is distinct from notice, served by a plaintiff, that he intends to execute on the defendant's property. Id. at 509. Moreover, the latter, which involves the taking of property by a state actor, raises due process concerns not implicated by the Prothonotary's notice. Id.

Under the circumstances here presented, the timing of action responsive to Plaintiff's notice of intent to execute on the judgment, rather than an

administratively issued notice of judgment, is reasonable. Defendants filed this Motion approximately one month after the service of the writ, and within days of the filing of the affidavit of service of the writ. Defendants did not unduly delay their filing; and Plaintiffs are not unfairly prejudiced by consideration of this Motion. Under all of the circumstances here presented, I find that the Motion was filed within a reasonable time, as required by Rule 60(b)(6).

### B. Substance of Motion

Defendants style their Motion as one to strike and/or to open. In distinguishing between a motion to strike a judgment and a motion to open a judgment, the United States Court of Appeals for the Third Circuit has identified the following standards:

> A motion to strike a judgment will be granted only if a fatal defect or irregularity appears on the face of the judgment, and the defect must be alleged in the motion to strike. In determining whether there is a defect, the court must review together the confession of judgment clause complained of and the complaint itself. The facts averred in the complaint are to be taken as true; if the debtor disputes their truth, the remedy is a motion to open the judgment.
> * * * *
>
> A motion to open is to be granted "if evidence is produced which in a jury trial would require the issues to be submitted to the jury . . . ." The district court is to view all the evidence in the light most favorable to the petitioner and to accept as true all evidence and proper inferences from it which support the defense while rejecting adverse allegations of the party obtaining the judgment. The Pennsylvania rules regarding challenges to confessed judgment require the petitioner to offer "clear, direct, precise and 'believable' evidence" of his meritorious defenses.

FDIC v. Deglau, 207 F.3d 153, 166-68 (3d Cir. 2000) (citations omitted).

Defendants raise several different grounds for striking or opening the

confessed judgment: 1) that they did not understand the legal ramifications of confession of judgment; 2) that the Complaint is not accompanied by a copy of the bond, which is necessary to determine the amounts, if any, for which Plaintiff and Defendants were obligated; 3) that Plaintiff seeks reimbursement for fees and disbursements paid to entities uninvolved in or unnecessary to LRS' defense; and 4) that the counsel fees claimed are excessive.

The pertinent inquiry under both Pennsylvania law and Rule 60(b) is similar: whether the defendant has alleged facts which, if established at trial, would constitute a meritorious defense to the cause of action. Central W. Rental Co., 967 F.2d at 836; Zhang v. Southeastern Fin. Group, 980 F. Supp. 787, 792 (E.D. Pa. 1997); cf. Schultz v. Erie Ins. Exchange, 477 A.2d 471, 472 (Pa. 1984). The court may consider factors such as whether vacating the judgment will prejudice plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. Central W. Rental Co., 967 F.2d at 836.

### 1. Motion to Strike

#### a. Knowledge/Understanding of Waiver

I first address the individual Defendants' claim that the judgment should be stricken, because they were unaware of the waiver attendant to confession of judgment. This type of alleged defect is properly dealt with in a Rule 60(b) motion to strike. See Deglau, 207 F.3d at 157.

"The failure to read a confession of judgment clause will not justify avoidance of it," particularly when the clause is part of a commercial transaction,

and is clear and conspicuous.  <u>Dollar Bank v. Northwood Cheese Co.</u>, 637 A.2d 309, 313 (Pa. Super. Ct. 1994).  Similarly stated, "that plaintiff may not have read or understood the agreement does not render it invalid.  A literate adult may not avoid a contractual obligation on the ground she did not read or understand the terms of the contract."  <u>Smith v. Creative Resources</u>, No. 97-6749, 1998 U.S. Dist. LEXIS 18545, at **5-6 (E.D. Pa. Nov. 20, 1998); <u>see also</u> <u>Germantown Sav. Bank v. Talacki</u>, 657 A.2d 1285, 1289 (Pa. Super. 1995).

In this case, the confession provision is printed in the same size type as the rest of the letter, rather than appearing in small type.  The signatures appear on the same page as, and below, the clause pertaining to confession of judgment; the clause was not tucked away in an unlikely location.  The clause, by its terms, expressly relates to a commercial transaction.  Moreover, Defendants do not claim that they lacked the opportunity or ability to read the document, or to consult with counsel about its contents.  They do not claim that they were prevented or discouraged from such inquiry, or were affirmatively misinformed or mislead about the import of the document.  The Defendants do not claim that the signatures purporting to be theirs are forged or otherwise invalid.  Indeed, Defendants aver that they prepared the letter, as drafted by counsel for LRS, on LRS letterhead.  While Defendants may or may not have legitimate complaints relating to counsel's conduct, that question is separate from the question of whether their 2005 Agreement is valid and enforceable.  In this case, under applicable standards, Defendants' argument that they misapprehended their

commitment provides no grounds for striking the judgment.[4]

### b. Failure to Attach Bond

I next address Defendants' contention that the judgment should be stricken, because the Complaint is facially defective, and not self-sustaining, because a copy of the bond is not attached. They argue that the bond is required, in order to determine the extent of the parties' obligations.

On its face, the 2005 Agreement refers only to the Indemnity Agreement, and not the bond. Additionally, the 2005 Agreement defines the monetary undertakings that plaintiff was obligated to make, and that Defendants were obligated to reimburse. Those obligations are not defined or limited, by direct or implied reference, to the bond. The record as submitted is self-sustaining, and there is no defect of the type alleged. Defendants have not demonstrated that Plaintiff's failure to attach the bond provides grounds for striking the judgment.

### 2. Motion to Open Judgment

Finally, I address Defendants' argument that the judgment should be opened, because the Complaint lists expenditures that were allegedly unnecessary, excessive, or unrelated to the defense of the arbitration claims.

On a petition to open, "[a] petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question." Talacki, 657 A.2d at 1289; Deglau, 207 F.3d at 168. A challenge to the accuracy of the amounts allegedly due under the instrument, or an error in computation, should be resolved in a petition to open unless it is evident from the face of the

---

[4]Plaintiff's alleged lack of understanding is, likewise, not ground for opening the judgment. E.g., Talacki, 521-22.

instrument that the amount is grossly excessive, or not authorized by the warrant to confess judgment.[5]  Davis v. Woxall Hotel, Inc., 577 A.2d 636, 638 (Pa. Super. 1990).

Defendants claim that the amount of $158,631.00 is excessive, in part because the subcontractor's claim was for the amount of $250,000.00.[6]  Similarly, Defendants contend that several expenses listed are improperly inserted in the Complaint for Confession.  In particular, they suggest that payments made to the Bentz Law Firm, P.C., Forcon International Corp., and Whiteford Taylor & Preston, L.LP are not be properly included in the judgment.[7]  Defendants do not, however, offer any evidence by which I might assess their contentions of propriety or reasonableness.

Confession of judgment is a powerful tool, however, which implicates important due process concerns.  Therefore, I will provide Defendants with an opportunity to file supplemental materials in support of their challenge to the

---

[5]Defendants point out that a confession that includes an unauthorized item results in a void judgment, which must be stricken.  This is true when, for example, confession of judgment is authorized for a specified amount due on a note, and judgment is confessed for separate items such as delinquent taxes or insurance premiums.  PNC Bank v. Bolus, 655 A.2d 995, 999  (Pa. Super. 1995).  In this case, Defendants claim that the judgment improperly includes an amount paid to a law firm that was not involved in the arbitration defense; this is different, however, than an amount that is, on the face of the parties' agreement, not included in the warrant.  The principle identified in cases such as Bolus, therefore, is inapplicable here.

[6]Their contention that the subcontractor sought $250,000.00 in the arbitration undermines their argument that without the bond attached, they are unable to assess the potential extent of either parties' obligations.

[7]Defendants also appear to challenge payments to Hill international, because they were not permitted to approve the billing and were not consulted about aspects of Hill's work.  They do not raise any other challenge to the aspects of the judgment relating to this company.  Although Defendants may attempt to submit additional support for all aspects of their Motion to Open, I do note that the 2005 Agreement refers to a broad obligation relating to "all sums advance[d] for the preparation and presentation of all of the arbitration on matters with [the subcontractor]...."  The 2005 Agreement does not provide that expenditures must be authorized or approved by, or discussed with, Defendants.

accuracy of the amount of the judgment, in the form of their Motion to Open.[8]  I will reserve judgment on that aspect of the Motion, pending those submissions.

## CONCLUSION

In sum, Defendants have not demonstrated that the judgment should be stricken on either ground asserted, and their Motion will be denied to that extent.  I will, however, hold the remainder of their Motion in abeyance, and permit them an additional opportunity to submit evidence in support thereof.

## ORDER

AND NOW, this 3rd day of October, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion (Docket No. [9]) is denied in part, to the extent that it seeks to strike the judgment.  To the extent that it seeks to open the judgment, the Motion will be held in abeyance.  Defendants may submit additional materials in support of said Motion within ten (10) days of today's date.  Within five (5) days thereafter, Plaintiff may file materials responsive thereto.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court

---

[8] My Order assumes that Defendants possess factual information that supports their allegations.  If I assume incorrectly, I will entertain requests for a brief period of limited discovery.  I note, too, that Defendants have not requested that the proceedings be stayed during the pendency of the present Motion.